**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK NELLOM,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-06637-JDW** |
| | : | |
| **GEORGE V. WYLESOL,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

Frank Nellom appears to complain that the Third Circuit didn't have all the information that it needed to decide two appeals that he filed, so he has sued the Clerks Of Court in the Eastern District Of Pennsylvania and the Third Circuit for denying him access to court records. His claims are not viable, though, and I will dismiss them with prejudice because there's nothing he could do to fix them.

## I.    FACTUAL ALLEGATIONS

Mr. Nellom asserts that he is being denied access to case records and "[j]ustice was denied in Case No. 23-3215" because being denied access to the original case record "resulted in Court of Appeals Judges unknowing[ly] stating the fraud played upon it in the Order." (ECF No. 1 at 1.) The "[s]ame" apparently occurred in Case No. 25-3026 where he was denied access to records.[1] (*Id.*) The denial of access "led to the Court of Appeals

---

[1] The first case to which Mr. Nellom refers in the Complaint is an appeal he filed before the Third Circuit, *Nellom v. Comm'r of Soc. Sec.*, No. 23-3215 (3d Cir.). The appeal resulted from an order that this Court entered dismissing his social security disability

publishing false information" in an order issued on June 28, 2024. (*Id.* at 2.) He appears to claim that the United States Court of Appeals for the Third Circuit relied on an opposing counsel's statement, even though the case only involved a disability order and a notice that benefit payments would resume, which he suggests should establish "an open and shut case." (*Id.*)

Attached to the Complaint are emails Mr. Nellom sent to the federal court's PACER Service Center complaining that as a *pro se* litigant he could not file, view, or obtain copies of filings in Case No. 25-2582. That office responded by asking for his account information. After Mr. Nellom provided it, the office asked him to verify credit card information and answer security questions. Mr. Nellom does not allege, either in the Complaint or in any of the attachments, that he complied with that request.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be

---

benefits case because he failed to exhaust administrative remedies. *See Nellom v. Comm'r of Soc. Sec.*, No. 23-1268 (E.D. Pa. (ECF Nos. 16, 17)). The other case where the "same" occurred is *Nellom v. Comm'r of Soc. Sec.*, No. 25-3026 (3d Cir.). That was an appeal from an order that this Court entered on October 15, 2025 in *Nellom v. Comm'r of Soc. Sec.*, No. 23-1268 (E.D. Pa. (ECF No. 28)), denying his motion for relief under Federal Rule of Civil Procedure 60(b) from a prior order also dismissing a benefits case for failure to exhaust and which the Third Circuit had affirmed on appeal.

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Nellom has completed the required forms and attested under penalty of perjury that he lacks the income or assets to pay the Court's required filing fee. I will therefore grant him leave to proceed *in forma pauperis*.

### B.    **Plausibility Of Claims**

As best I can understand, Mr. Nellom claims that the Clerks Of Court of the Eastern District of Pennsylvania and the Third Circuit violated his substantive due process rights by denying him access to certain records. The Fifth Amendment to the U.S. Constitution guarantees that "[n]o person shall be … deprived of life, liberty, or property without due

process of law." U.S. Const. amend. V. The substantive aspect of due process "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal citation omitted). The United States Supreme Court has explained that "the core of the concept" of due process is "protection against arbitrary action," and that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (internal quotation marks omitted).

A violation of the substantive component of the Due Process Clause occurs only where a governmental action "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 847. Accordingly, in a substantive due process challenge, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 847 n.8. The question of whether a given action "shocks the conscience" has an "elusive" quality to it. *Estate of Smith v. Marasco,* 318 F.3d 497, 509 (3d Cir. 2003). At one end of the spectrum of culpable conduct, negligent behavior can never rise to the level of conscience shocking. *See Lewis,* 523 U.S. at 849. At the other end of the spectrum, actions "intended to injure in some way unjustifiable by any government interest" are those "most likely to rise to the conscience-shocking level." *Id.*

Nothing Mr. Nellom asserts about being unable to access records constitutes conscience-shocking behavior. Mr. Nellom's claim seems to focus on his inability to access records via PACER. Being asked for account and payment information to get copies of records is an ordinary incidence of interacting with a provider of goods and services, whether that provider is a government agency or a private concern. Mr. Nellom cannot make a plausible argument that doing so interferes with rights implicit in the concept of ordered liberty. *Wyrostek v. Nash*, 984 F. Supp.2d 22, 31-32 (D.R.I. 2013) (ordinary bureaucratic red tape is not conscience-shocking).

Mr. Nellom had no right to unlimited copies of court records free of charge. Rather, as a *pro se* litigant, Mr. Nellom was entitled to **one** free copy electronically sent to him at the time it was filed. *See* 28 U.S.C. § 1914 – Judicial Conference Schedule of Fees – Fees for Public Access to Court Electronic Records (PACER). So, seeking payment for additional copies was also not conscience-shocking given Mr. Nellom's ability to receive one free copy and have free access to all documents at courthouse public access terminals. Mr. Nellom's bald allegation that anyone is denying him access to the original case records, and any implication that unlimited copies should be provided for free, does not implicate a plausible liberty or property interest. *See Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993).

Finally, to the extent that Mr. Nellom's allegation can be read to assert a claim that the Third Circuit handled his appeals improperly, or decided them wrongly, whether due

to his inability to get records or otherwise, filing a civil rights claim in this Court against the Clerks of Court is not the way to raise that assertion. Rather, Mr. Nellom's proper course of relief was to seek *en banc* review of the Third Circuit Panel's decision or file for a writ of certiorari with the United States Supreme Court because this Court has no power to change a decision of the Third Circuit. *See Hutto v. Davis*, 454 U.S. 370, 375 (1982). I therefore cannot address whether the Third Circuit did anything wrong in deciding Mr. Nellom's social security disability benefits cases.

## VI.    CONCLUSION

I will dismiss Mr. Nellom's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because an attempt at amendment would prove futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002). An appropriate Order will be entered separately. Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 11, 2025